MATTHEW D. CAPLAN (SBN 260388)
matthew.caplan@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendants
CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, erroneously sued as
CIGNA HEALTHCARE OF CALIFORNIA,
INC., and SOUTHWEST CARPENTERS
HEALTH & WELFARE TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELINA BRYANT,<br><br>  Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC.; SOUTHWEST CARPENTERS HEALTH & WELFARE TRUST, and DOES 1 through 10, inclusive,<br><br>  Defendants. | CASE NO. CV10-09560 RGK (RZx)<br><br>*[Assigned to the Hon. R. Gary Klausner]*<br><br>**DEFENDANTS CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND SOUTHWEST CARPENTERS HEALTH & WELFARE TRUST'S NOTICE OF CROSS-APPEAL;**<br><br>**REPRESENTATION STATEMENT** |

1   NOTICE IS HEREBY GIVEN that defendants Connecticut General Life Insurance Company erroneously sued as Cigna HealthCare of California, Inc. and Southwest Carpenters Health & Welfare Trust (collectively, "Defendants") hereby cross-appeal to the United States Court of Appeals for the Ninth Circuit from that portion of the Order on Remand re Plaintiff's and Defendants' Request for Attorney's Fees on entered November 6, 2013 (Docket No. 66) wherein the District Court denied Defendants' request for an award of attorneys' fees, and the Judgment Regarding Attorneys' Fees and Costs entered on February 7, 2014 (Docket No. 78). Plaintiff Selina Bryant's notice of appeal was filed on February 13, 2014, and assigned U.S. Court of Appeals docket number 14-55251. This notice of cross-appeal is timely pursuant to Federal Rule of Appellate Procedure 4(a)(3).

A copy of the Order on Remand re Plaintiff's and Defendants' Request for Attorney's Fees is attached hereto as Exhibit A, and a copy of the Judgment Regarding Attorneys' Fees and Costs is attached hereto as Exhibit B.

Dated: February 26, 2014          DLA PIPER LLP (US)


By  /s/ MATTHEW D. CAPLAN
    MATTHEW D. CAPLAN
    Attorneys for Defendants
    CONNECTICUT GENERAL LIFE
    INSURANCE COMPANY, erroneously
    sued as CIGNA HEALTHCARE OF
    CALIFORNIA, INC., and
    SOUTHWEST CARPENTERS
    HEALTH & WELFARE TRUST

# REPRESENTATION STATEMENT

Plaintiff Selina Bryant

Plaintiff's counsel: Robert J. McKennon (rm@mckennonlawgroup.com), and Scott E. Calvert (sc@mckennonlawgroup.com) of McKennon Law Group PC, 20321 SW Birch Street, Suite 200, Newport Beach, California 92660, telephone: 949-387-9595.

Defendants Connecticut General Life Insurance Company erroneously sued as Cigna HealthCare of California, Inc. and Southwest Carpenters Health & Welfare Trust

Defendants' counsel: Matthew D. Caplan (matthew.caplan@dlapiper.com) of DLA Piper LLP (US), 2000 Avenue of the Stars, Fourth Floor North Tower, Los Angeles, California 90067, telephone: 310-595-3000.

Dated:  February 26, 2014                    DLA PIPER LLP (US)

                                             By  /s/ MATTHEW D. CAPLAN
                                                 MATTHEW D. CAPLAN
                                                 Attorneys for Defendants
                                                 CONNECTICUT GENERAL LIFE
                                                 INSURANCE COMPANY, erroneously
                                                 sued as CIGNA HEALTHCARE OF
                                                 CALIFORNIA, INC., and
                                                 SOUTHWEST CARPENTERS
                                                 HEALTH & WELFARE TRUST

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9560 RGK (RZx) | | Date | November 6, 2013 |
|---|---|---|---|---|
| Title | **SELINA BRYANT v. CIGNA HEALTHCARE OR CALIFORNIA, INC., et al** | | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order on Remand re Plaintiff's and Defendants' Request for Attorney's Fees

**I.    INTRODUCTION**

Selina Bryant ("Plaintiff") sued Connecticut General Life Insurance Company ("CGLIC")[1] and Southwest Carpenters Health & Welfare Trust ("Plan") (collectively, "Defendants") for Recovery of ERISA Plan Benefits and Enforcement and Clarification of Rights.

The lawsuit arose out of the following allegations. On May 29, 2007, Plaintiff was admitted to Riverside County Regional Medical Center ("Hospital") for injuries she suffered in a serious car accident. During her stay, the Hospital confirmed with CGLIC that she was insured. However, after the Hospital submitted her claim to CGLIC in August 2007, CGLIC refused to pay the claim, and informed the Hospital that Plaintiff was not insured under the Plan. In April 2008, the Hospital proceeded to seek payment for the medical expenses from Plaintiff. In August 2009, the Hospital sent the bill to a collection agency, which continued to harass Plaintiff for payment. Finally, on December 14, 2010, Plaintiff filed the current action before this Court. Defendants contended that they never received a claim from the Hospital or Plaintiff. However, shortly after the filing of this action, Defendants contacted the Hospital, negotiated a lower amount, and paid that amount directly to the Hospital.

Plaintiff alleged that Defendants violated ERISA by (1) not paying for Plaintiff's medical expenses until after Plaintiff filed suit; and (2) secretly negotiating with the Hospital for a reduced rate, and paying her benefits directly to the Hospital.

The parties submitted their trial briefs to the Court for a bench trial. On December 6, 2011, the Court entered judgment in favor of Defendants. Specifically, the Court found that GCLIC did not abuse

---

[1] CGLIC was erroneously sued as Cigna Healthcare of California, Inc.

its discretion when it paid a lower, negotiated amount directly to the Hospital on March 24, 2011. The Court also denied Plaintiff's request for attorneys fees on the ground that Plaintiff did not prevail on any part of the issues presented to the Court for determination at trial.

On January 6, 2012, Plaintiff appealed the Court's ruling to the Ninth Circuit Court of Appeal. On October 28, 2013, the Ninth Circuit issued a Mandate affirming the Court's judgment, but vacating and remanding for reconsideration its order on the parties' motions for attorneys fees.[2]

Upon reconsideration of the parties' motions, and with direction from the Ninth Circuit, the Court hereby **denies without prejudice** Plaintiff's request for attorneys' fees, and **denies** Defendants' request for attorneys' fees.

## II.     DISCUSSION

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1). In interpreting the contours of this fee-shifting statute, the U.S. Supreme Court has held that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fee award under [this provision]." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2156 (2010). Rather, a fee claimant must show "some degree of success on the merits" before a court may award attorney's fees under § 1132(g)(1). *Id*. at 2158-59 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983). However, this requirement is not satisfied by achieving a "trivial success on the merits" or a "purely procedural victor[y]." *Id*. A claimant satisfies this requirement if "the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y[ into the question of whether a particular party's success was substantial or occurred on a central issue." *Id*.

Only after the court determines that the fee claimant has achieved some degree of success on the merits is the claimant entitled to the district court's discretionary grant of fees under ERISA. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). In the Ninth Circuit, the discretionary decision to award fees is governed by five factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (1980). The five factors are (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id*. If the court finds that the *Hummell* factors weigh in favor of granting attorneys' fees, the court then applies a lodestar/multiplier approach to determine the reasonable fee award. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990).

### A.     Plaintiff's Motion for Attorney's Fees

#### 1.     *Plaintiff Sustained Some Degree of Success on the Merits*

In its remand order, the Ninth Circuit directed the Court to consider the extrinsic evidence Plaintiff offered from hospital records to determine whether a claim had been presented to GCLIC for services Plaintiff received after the accident. The court indicated that if GCLIC did, in fact, receive a

---

[2] As the Ninth Circuit notes, Defendants also requested attorneys fees, which this Court did not rule on. Therefore, on reconsideration of its ruling on Plaintiff's motion, the Court will also address Defendants' motion.

claim prior to the initiation of Plaintiff's action, then Plaintiff sustained some degree of success, as GCLIC paid up only under the cloud of litigation.

Upon review of the extrinsic evidence, the Court finds that GCLIC did, in fact, receive a claim for medical services rendered to Plaintiff after the accident. Specifically, credible evidence shows that the Hospital submitted a claim by certified mail to CGLIC on August 6, 2007, a little more than two months after the date of treatment. (Pl.'s App. of Exs., Ex. 1, McAdory Dep., 20:15-22:11.) Furthermore, the evidence establishes the CGLIC received the claim and rejected it on October 26, 2007, because it believed Plaintiff was not covered. (Pl.'s App. of Exs., Ex. 1, McAdory Dep., 22:13-21; 25:4-19.) Based on this evidence, the Court finds that Plaintiff did, in fact, sustain some degree of success on the merits. Specifically, the evidence shows that CGLIC knew that a claim had been submitted, and paid the claim only after Plaintiff initiated litigation.

### 2. *The Hummell Factors Weigh in Favor of Awarding Reasonable Attorneys Fees*

As stated above, in deciding whether to grant attorneys fees, the Court must consider the *Hummell* factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id*.

Upon consideration of the factors, the Court finds that four of the factors weigh in favor of granting attorneys fees to Plaintiff.

As to the first factor, the Hospital obtained authorization from CGLIC to render services to Plaintiff on the day of the accident. (Pl,'s App. of Exs., Ex. 1, 28:6-29:1.) This authorization indicated that CGLIC believed Plaintiff had coverage for the treatment she would be receiving. *Id*. The Hospital subsequently submitted its claim, which was rejected by CGLIC on the basis that Plaintiff was not covered. (Pl.'s App. of Exs., Ex. 1, McAdory Dep., 20:15-22:11; 22:13-21; 25:4-19.) Plaintiff spent nearly four years attempting to have the claim paid. (AR CGLIC 0188-0198, 0190.) The evidence suggests that the Hospital may have submitted a claim containing an incorrect member number, which would have resulted in a "no record found" when inputted into CGLIC's system. (*See* Pl.'s App. of Exs., Ex. 1, McAdory Dep. at 31:15-33:19.) Nonetheless, only three months after Plaintiff filed suit, CGLIC was somehow able to confirm coverage and pay the outstanding medical bills incurred by Plaintiff. These facts strongly indicate that, if CGLIC had made some effort in the matter during the preceding four years, the claim could have been resolved relatively easily. Instead, Plaintiff had to resort to filing suit before CGLIC would pay the claim. While these facts does not rise to the level of bad faith, they do indicate a high degree of culpability on the part of Defendants that weigh in favor of attorneys' fees for Plaintiff.

As to the second and third factors, there is no question that Defendants will likely be able to satisfy a reasonable fee award without hardship. Moreover, such an award would deter other plan administrators from failing to employ a basic a degree of care that results in the rightful payment of a claim.

Finally, the relative merits of the parties' positions also falls in favor of Plaintiff. As implied by the Ninth Circuit Mandate, the action, at its core, sought resolution as to whether Defendants violated ERISA by failing to pay the Plaintiff's claim until after she filed suit. As indicated by Defendants' pre-judgment payment of the claim, the merits of this action strongly favor Plaintiff.

### 3. *Reasonable Attorneys' Fees*

In determining the reasonable amount of fees and costs to award, the Court uses a hybrid lodestar/multiplier approach. *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173(9th Cir. 1999). The Court arrives at the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id*. The court may then apply a "multiplier" to raise or lower this amount based on factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Upon review of the record, the Court finds no specific fee amount requested or any evidence as to hours expended and rates charged. As such the Court **denies** Plaintiff's motion **without prejudice** to refiling a properly noticed Motion for Attorneys' Fees.

### B. **Defendants' Motion for Attorneys' Fees**

In addition to her claim for failing to pay benefits, Plaintiff also claimed violations based on Defendants' negotiation with the Hospital for a reduced rate, and for paying her benefits directly to the Hospital. While Defendants instituted a successful defense to these additional claims, the Court finds this success trivial for purposes of attorneys' fees. As previously discussed, the Ninth Circuit Mandate strongly implies that the central issue in this case was whether Defendants wrongfully withheld payment of the claim. Defendants did not sustain any degree of success as to this central issue.

Even if the Court found that success as to the other claims constituted some degree of success on the merits, consideration of the *Hummell* factors would still result in no fee award to Defendants. Specifically, there is no indication of culpability on the part of Plaintiff, as the medical claim was submitted within a reasonable time period, and there is no showing that Plaintiff unnecessarily protracted litigation. Furthermore, Defendants did not seek to gain any benefit for its beneficiaries in general, or to resolve any significant legal question regarding ERISA. Finally, the Court finds no basis to institute deterrence measures, or any facts leading the Court to believe that Plaintiff can easily satisfy a fee award. As such, Defendants' Motion for Attorneys' Fees is **denied**.

**IT IS SO ORDERED.**

                                                                         : 

Initials of Preparer

**EXHIBIT B**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| SELINA BRYANT<br><br>                   Plaintiffs,<br><br>vs.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC.; SOUTHWEST CARPENTERS HEALTH & WELFARE TRUST, and DOES 1 through 10, inclusive<br><br>                   Defendants. | Case No.: 10-CV-09560 RGK (RZx)<br><br>Action Filed : 12/15/2010<br>Trial Date: 11/08/2011<br><br>**[PROPOSED] JUDGMENT REGARDING ATTORNEYS' FEES AND COSTS**<br><br>[Filed Concurrently With:<br>- Notice of Lodging [Proposed] Judgment Regarding Attorneys' Fees and Costs] |

Following the October 28, 2013 Mandate by the United States Court of Appeal for the Ninth Circuit (Docket No. 65), this Court issued an "Order on Remand re: Plaintiff's and Defendants' Request for Attorney's Fees" (Docket No. 66). In the Order, this Court denied Defendants' Motion for Attorneys' Fees, with prejudice. With respect to Plaintiff Selina Bryant's ("Bryant") entitlement to attorneys' fees and costs, this Court denied Bryant's motion without prejudice, pending the filing of a properly noticed motion for attorneys' fees and costs.

After considering the parties' filings with respect to Bryant's request for attorneys' fees and costs, and having GRANTED Bryant's Motion after a finding that Bryant was the prevailing party,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Bryant is entitled to recover from Defendant Connecticut General Life Insurance Company the sums of $73,740.00 in attorneys' fees and $4,346.56 in costs, for a total of $78,086.56 (Docket No. 76).

**IT IS SO ORDERED**.

DATED: February 07, 2014

_____
Hon. R Gary Klausner
United States District Court Judge

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 20321 SW Birch St., #200, Newport Beach, California 92660; Fax 949-464-9714; E-mail address: xx@ mckennonlawgroup.com.

I hereby certify that on February 4, 2014, I served the foregoing documents described as: on the interested parties as follows:

| | |
|---|---|
| William P. Donovan, Jr.<br>Matthew D. Caplan<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars,<br>Suite 400, North Tower<br>Los Angeles, CA 90067-6023 | Attorney for: Defendants<br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY (sued as<br>CIGNA HEALTHCARE OF<br>CALIFORNIA) and SOUTHWEST<br>CARPENTERS HEALTH &<br>WELFARE TRUST |
| Tel: 310.595.3000<br>Fax: 310.595.3300 | ☒ Registered participant of ECF. |
| Email: *william.donovan@dlapiper.com*<br>*matthew.caplan@dlapiper.com*<br>cc: *laverne.patane@dlapiper.com*,<br>*benjamin.turner@dlapiper.com*,<br>*susan.byrd@dlapiper.com*,<br>*docketingla@dlapiper.com* | |

☒ **ECF/CM:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

☐ I placed the ☐ original ☐ a true copy thereof enclosed in sealed envelope(s) to the notification address(es) of record and caused such envelope(s) to be delivered by ☐ **FIRST-CLASS MAIL** ☐ **OVERNIGHT DELIVERY**.

☐ **BY E-MAIL:** I electronically transmitted a true and correct copy thereof to the notification electronic mail address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

☐ **FACSIMILE:** Based on ☐ courtesy ☐ court order ☐ agreement of the parties, I caused a true copy thereof to be served by transmitting via facsimile machine to the notification facsimile number(s) of record before close of business. The transmission was reported as complete, without error.

☐ **PERSONAL DELIVERY:** I caused ☐ the original ☐ a true copy thereof to be delivered by hand to the notification address(es) of record by an employee or independent contractor of a registered process service.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the Unites States of America and the State of California that the above is true and correct. Executed at Newport Beach, California on February 4, 2014.

NAME: Brent L. Vossler          *Brent L. Vossler*
                                (Signature)

DOCUMENT1